SOUTHERN KANSAS STAGE LINES COMPANY *v.* HOLT.

4-4266

Opinion delivered February 10, 1936.

*Marvin A. Hathcoat* and *Carmichael & Hendricks,* for petitioner.

*V. D. Willis* and *Henley & Rea,* for respondent.

JOHNSON, C. J. This is an original proceeding in prohibition filed by petitioner, Southern Kansas Stage Lines Co., to inhibit the respondent, Jack Holt, Judge of the Fourteenth Judicial District from proceeding to hear and determine the case of *Sam Ruff* v. *Petitioner,* pending in the circuit court of Boone County.

The record reflects that on September 24, 1935, one Sam Ruff filed his complaint in the Boone Circuit Court against petitioner, Southern Kansas Stage Lines Company, and for his cause of action alleged that on August 7, 1935, while in the exercise of due care for his own safety, and while driving on a State highway as he had a right to do by and through the carelessness and negligence of petitioner's bus driver concurred in by the negligence of another, he was severely and permanently injured to his damage in the sum of $3,000. Summons was duly issued on the complaint thus filed, and the same was served upon petitioner in the following manner: first, the sheriff of Boone County on September 24, 1935, delivered to petitioner's ticket agent and representative in Boone County a copy of the summons; second, the sheriff of Pulaski County delivered a copy of the summons to John W. Newman, petitioner's duly designated agent for service in the State of Arkansas, on September 30, 1935.

The recitals of the summons followed the language of § 1140 of Crawford & Moses' Digest as to manner, means, and time for service. No return of the summons was filed in the Boone County clerk's office until December 11, 1935. The Boone Circuit Court met in special

adjourned session on October 24, 1935, and again met in special adjourned session November 28, 1935. On December 11, 1935, petitioner filed its petition and bond for removal to the Federal District Court for the Western District of Arkansas in which Boone County is situated. The court denied the removal because the petition and bond were not filed within the time required by law. Petitioner's contention is that, since the summons were not returned by the sheriff and filed with the clerk in Boone County until December 11, 1935, petitioner was not required to answer or plead to the complaint until that time, and that for this reason the petition and bond for removal were timely interposed. This contention puts form above substance. Section 29 of the Judicial Code, (28 USCA 72) in effect provides that the petition and bond for removal from a State to a Federal court must be filed in the State court at the time or any time before the defendant is required by the laws of the State to answer or plead to the complaint. By § 1208 of Crawford & Moses' Digest, a defendant is required to answer or plead by noon of the first day the court meets in regular or adjourned session after the summons has been served twenty days in any county in the State.

By the plain mandate of the two enactments just cited a petition and bond for removal from a State to a Federal court must be filed in the State court by noon of the first day that such court meets in regular or adjourned session after the summons has been served twenty days in any county. *S. W. Power Co.* v. *Price,* 180 Ark. 567, 22 S. W. (2d) 373. The admitted facts in this case are that the Boone Circuit Court was in adjourned session on October 21, 1934, and on November 28, 1934, both of which sessions were held more than twenty days after the actual service of summonses upon the petitioner.

Fundamentally the purpose of a summons is to apprise a defendant of the pendency of the suit and afford him timely opportunity to be heard on the claim or charge. *Railway Company* v. *State,* 55 Ark. 200, 17 S. W. 806; 21 R. C. L. 1263. The official return upon the

writ after the service is nothing more than the written evidence of the time, place and manner of service to the end that the court to which the return is made may judicially be apprised of its jurisdiction or lack of jurisdiction of the person served. 21 R. C. L. 1315, 1316. Also see *Southern Bldg. & Loan Association* v. *Hallum,* 59 Ark. 583, 28 S. W. 420.

Section 1140 of Crawford & Moses' Digest cited and relied upon by petitioner, directing the time and manner of the return of the summons, does not militate against the views herein expressed. This section of the statutes is merely a mandate directed to the server of process to make a return upon the writ in a timely manner, to the end that the court may judicially know that it has in fact acquired jurisdiction of the person before a judgment is entered.

It follows from what we have said that the petition and bond for removal were filed in the State court too late, and the circuit court was therefore correct in denying the removal of said cause.

The application for the writ of prohibition is denied.