ROBINSON *v.* BOSSINGER.

4-4911

Opinion delivered January 24, 1938.

**446**

[redacted]

*Gordon E. Young, C. Floyd Huff, Jr.,* and *Murphy & Wood,* for appellants.

*F. D. Goza, Huie & Huie* and *McMillan & McMillan,* for appellee.

SMITH, J. This is the second appearance of this case in this court. The former opinion, reported under the style of *Robinson* v. *Means, Judge,* 192 Ark. 816, 95 S. W. 2d 98, was an application for a writ of prohibition to restrain the trial of that case in the Hot Spring circuit court, upon the ground that the purported service of process conferring jurisdiction of the case upon that court had been obtained by trickery and fraud. The opinion in that case recites the facts relating to the manner in which the service was had, and will not be here repeated.

The relief there prayed was denied, for the reason, stated in a headnote to that case, that "Where jurisdiction depends upon certain facts, that question must be decided by the trial court; and though he should decide wrong, the error can be corrected only by appeal."

Notwithstanding this refusal to pass upon the question of fact there presented in the application for a writ of prohibition, the intimation is rather strong that if the facts there alleged to be true were shown to be true, on the final appeal of the cause, the service would be quashed as having been obtained in a manner which could not be condoned.

After the writ of prohibition had been denied the matter was further heard upon the trial from which this appeal comes. Upon this further hearing of the motion to quash, additional testimony was offered, which leaves no doubt that Robinson was inveigled into Hot Spring county by the false statement that his services

were desired as chauffeur to drive Kelly Hall, a near relative of one of the three plaintiffs who had on that day filed suits for damages against both Robinson, the chauffeur, and Mrs. Austeel, his employer and the owner of the taxicab which Robinson was driving at the time the collision occurred which resulted in the injuries to compensate which the suits had been brought. The testimony makes certain the fact that Hall was acting for and on behalf of all three plaintiffs pursuant to a pre-arranged plan, that Robinson, by deception, should be induced to come within the confines of Hot Spring county and be served with process there, and that upon the service thus secured service might later be had upon Mrs. Austeel at her home in Garland county. The testimony was so convincing that the trial judge, in commenting upon it and in overruling the second motion to quash the service, stated that if the case had been as fully developed originally he "would have had no hesitation in quashing the service, because the court would have thought the service ought to be quashed under the circumstances."

Notwithstanding this view of the court as to the impropriety of the practice under which service was had, the motion to quash was overruled, for the reason that the defendants had, in the meantime, consented to a continuance of the cause and to an order of the court setting the cause down for a day certain for trial. This action of the court is said to have been based upon the authority of the case of *J. C. Engleman, Incorporated,* v. *Briscoe,* 172 Ark. 1088, 291 S. W. 795, particularly, as well as certain other cases cited in the briefs, holding that an application for a continuance is an affirmative act which enters an appearance, even though the original service was defective.

Section 1398 of Pope's Digest provides that transitory actions (such as the instant case) may be brought in any county in which the defendants, or one of several defendants, resides, or is summoned, and the insistence is that Robinson having been served in Hot Spring county it was thereafter permissible to sue his employer

in the same county by obtaining service on her in Garland county, where she resides.

It is undisputed that neither defendant resides in Hot Spring county, so that it was essential, to give the Hot Spring circuit court jurisdiction, that valid service be had on one of the defendants in Hot Spring county.

We do not think the service sufficient for that purpose. In the case of *Hot Springs Street Railway Co.* v. *Henry,* 186 Ark. 1094, 57 S. W. 2d 1050, a headnote reads as follows: ''Where a defendant by prearrangement permitted himself to be served with process in a county not of his residence, in order to enable plaintiffs to obtain jurisdiction over a nonresident codefendant, the cause will be dismissed as a fraud upon the court.'' As ground for so holding we quoted from the case of *Wernimont* v. *State,* 101 Ark. 210, 142 S. W. 194, Ann. Cas. 1913D, 1156 as follows: '' 'If the transaction is colorable and collusive and, the resident person not a defendant in fact and in good faith, then service of process upon him would be incapable of laying the foundation for jurisdiction of the court over nonresident defendants served with summons in other counties. Upon such facts being made known to the court, it would be its duty to quash the service of summons upon such nonresident defendants. Such defendants cannot be dragged from the forum of their residence by any sham or contrivance to evade suit against them in a court in the county where they reside. Such a perversion of the court's process is a fraud practiced upon the court, which should receive its condemnation upon being made aware of it.' ''

At § 17 of the chapter on Process in 21 R. C. L., p. 1275, it is said: ''If a person is induced by artifices or fraud to come within the jurisdiction of a court for the purpose of obtaining service of process on him, and process in an action brought against him in such court is there served, it is an abuse of legal process and the fraud being shown, the court will, on motion, set aside the service. The same rule applies where the pres-

ence of the defendant within the jurisdiction of the court is procured by force, or by abuse of criminal process.''

We conclude, therefore, that the motion to quash the service should have been sustained.

The application for a writ of prohibition was denied by this court on June 8, 1936. Thereafter an answer was filed on July 13, 1936, but the case was not called for trial at the regular term of the court which convened July 20, nor was it called for trial at the adjourned term of that court held in October immediately following.

This answer contained the following allegations and recitals:

''The defendants, Elmer Robinson and Mrs. Porter Austeel, state that they are not abandoning their motion to quash the service of summons herein, or their exceptions to the overruling of the motion to quash, neither are they waiving their objections to the jurisdiction of the court to proceed with the trial of this case, nor their insistence that the service of the summons herein was and is void, because of the fact that the defendant, Elmer Robinson, was decoyed into Hot Spring county by the plaintiff and her attorneys by means of a fraudulent trick and device, as alleged in their motion to quash the service of summons herein; but since they are forced to trial in this court over their objections and exceptions, and must either answer the complaint herein and proceed to trial or have judgment rendered against them by default, the defendants, reserving the (and) reasserting their objections to the jurisdiction of the court herein, and their exceptions to the overruling of their motion to quash the service of summons, and continuing and preserving their said objections and exceptions throughout all proceedings herein, state that they do not reside in Hot Spring county, or transact any business in said county, and that neither of them has ever resided or done any business in Hot Spring county, and that neither of them has ever been summoned in Hot Spring county, as required by § ninety-six (96) of the Civil Code of Arkansas, providee (providing) that actions may be brought in any county where the defendant or one of

the defendants is summoned; but that they have been decoyed and brought into Hot Spring county by means of a fraudulent device and scheme, as alleged in their motion to quash.''

After thus answering and reserving the objections made in the motion to quash the service which had been previously overruled, a general denial of the allegations of the complaint was made.

It would be difficult to draw an answer more expressly and explicitly reserving exceptions to the refusal of the court to quash the service. After having objected to the service, and after having moved to quash it, and thereafter applying, unsuccessfully, to this court for a writ of prohibition, the defendants had no alternative, as alleged by them, except to make defense or to suffer a judgment to be rendered for the want of an answer.

It appears, however, that on December 3, 1936, the regular January, 1937, term of the court being near at hand, the attorneys for the defendants wrote the attorneys for the plaintiffs that ''We would prefer to try the Austeel case after January, if possible.'' It was suggested that a trial at the adjourned session of the term which was to be held in May would be more satisfactory for all the witnesses residing in Hot Springs, in Garland county, where the collision had occurred. The attorneys for the plaintiffs wrote, in reply to this letter, that they would have to insist upon an early trial to secure the attendance of a witness then in California, who would be at home during the regular session of the court. Thereafter, on January 11, attorneys for plaintiff wrote the attorney for defendants, inclosing an agreement, requesting that it be mutually signed and presented to the court when it convened in regular session. This agreement, which was signed by opposing counsel, recited that the cause ''shall be continued until the May adjourned term of the Hot Spring circuit court.'' It was the execution of this agreement which the trial court held rendered unimportant the fact that the original service of process had been fraudulently procured, and, as has been said, the case of *Engleman* v.

*Briscoe, supra,* is chiefly relied upon to sustain that holding. Such, however, is not, in our opinion, the effect of that case as applied to the facts in this.

The Engleman case was not a case of fraudulent service; indeed, there had been no service of summons at all aside from the attachment. That was a suit against nonresidents of the state, upon whose lands lying in this state an attachment had been served, and defendants, as the opinion recited, filed a motion to quash the service of summons against them and to dissolve the attachment levied upon their property, and saved their exception to the action of the court in overruling their motion. Thereafter the defendants filed a motion for a continuance, and the cause was continued on that motion. The filing of this motion for a continuance was said to be such an appearance as waived any defect in the service of process. But for this entry of appearance no personal judgment could have been rendered, as was done. The attachment might have been sustained, but no personal judgment could have been rendered, but when the appearance was entered by asking the continuance, the party filing that motion became a party and subject to have a personal judgment rendered against him, which could not otherwise have been done, and it was, therefore, unimportant how service was obtained.

This case was not intended to overrule and does not in any manner impair the case of *Spratley* v. *Louisiana & Arkansas Ry. Co.,* 77 Ark. 412, 95 S. W. 776, where it was said: "There is no doubt but that where a party, who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance. But this rule of practice does not apply in cases where the party on the threshold objects to the jurisdiction of his person, and maintains his objection in every pleading he may thereafter file in the case. Where he thus preserves his protest, he cannot be said to have waived his objection to the jurisdiction of his person."

The following cases are to the same effect: *Cox Investment Co.* v. *Major Stave Co.,* 128 Ark. 321, 194 S. W.

701; *Tindall* v. *Layne,* 139 Ark. 590, 214 S. W. 1; *Federal Land Bank of St. Louis* v. *Gladish,* 176 Ark. 267, 2 S. W. 2d 696; *Harrison* v. *Bank of Fordyce,* 178 Ark. 760, 12 S. W. 2d 400.

Here, it will be remembered the appellants were held to be in court. Their motion to quash the service had been overruled, and relief by way of prohibition had been denied by this court. The answer preserved the objection to the sufficiency of the service, and nothing remained to the defendants except to take such protective action as was possible. They had the right to negotiate as to the time of trial most convenient to themselves and to others, and a mere agreement upon the date when the case should be tried was not a waiver of the exceptions previously saved. After the objection to the jurisdiction had been made and overruled, and exceptions saved and properly carried into the answer, asking for or agreeing to a continuance under those circumstances is not an attempt to secure affirmative relief, and is not inconsistent with the special appearance.

The case of *Snyder* v. *Davison,* 172 La. 274, 134 So. 89, discusses at considerable length the conditions under which an appearance will be held to have been entered where objection had been made to the jurisdiction of the court, and in that opinion it was said by the Supreme Court of Louisiana:

"If the defendant, being sued in a court that has not jurisdiction *ratione personae,* excepts to the jurisdiction when he first appears in the suit, and urges the exception before making any other defense, and if the exception is overruled, he is not compelled to allow judgment to go against him by default, but may thereafter resort to any other appropriate means of defense, without reiterating his protest against the jurisdiction of the court, and without thereby creating a presumption that he has abandoned his exception to the jurisdiction of the court. When a judge has erroneously overruled an exception to his jurisdiction, there is no good reason why the exceptor should continue to remind the judge of his error at every stage of the proceedings, in order to

avoid a presumption that he (the exceptor) acquiesces in the erroneous ruling.''

In the case of *Matson* v. *Kennecott Mines Co.*, 103 Wash. 499, 175 Pac. 181, the Supreme Court of Washington said: ''Having preserved its special appearance, and not having invoked the jurisdiction of the court for affirmative relief, respondent's counsel were not bound up on incidental matters and motions, and whenever they arose to address the court, to preface their remarks by stating a special appearance.''

The defendants had the right, during the progress of the cause to a trial, to take such action as was advantageous and proper to protect the interests of their clients, and we do not think a mere agreement as to the date upon which the trial should be had can be held to be asking such affirmative relief as constituted a waiver to the objections previously and properly saved to the refusal of the court to quash the service.

It follows, therefore, that the judgment of the court must be reversed, and the cause will be remanded with directions to quash the service.