Susan E. MEEKS *v.* Arthur STEVENS

89-183                                    785 S.W.2d 18

Supreme Court of Arkansas
Opinion delivered February 26, 1990

*Steve Clark*, Att'y Gen., by: *Mary B. Stallcup*, Deputy Att'y Gen., for appellant.

*Van Kleef & Strait, Vicki King of Counsel*, by: *John D. Van Kleef*, for appellee.

OTIS H. TURNER, Justice. Appellant, Susan E. Meeks, challenges the validity of a default judgment obtained by appellee, Arthur Stevens, contending that service of process was never perfected. We agree.

Appellant was formerly employed as a social worker with the Arkansas Social Services Division of the Arkansas Department of Human Services. In August, 1988, she informed appellee and his wife of a Division investigation, directed by her, that revealed possible child abuse and neglect of the children of appellee's wife. Among other things, the report contained allegations of sexual abuse by appellee of his stepdaughter.

Appellee subsequently filed an action against the appellant, alleging that she had used her position, and had conspired with the natural father of the children, to destroy appellee's reputation. He sought damages for libel, slander, outrage, and invasion of privacy.

Appellee sought personal service on his complaint by placing the summons in the hands of a deputy sheriff, who was unable to locate appellant. Appellee then attempted service by certified mail, addressed to appellant's postal box, with delivery restricted to appellant. Notices directed to appellant were placed in the box on three separate occasions, but the certified mail was never claimed. There was no evidence that the notices were received by appellant, but they were not returned to the issuing office and, in addition, other mail addressed to appellant at that box was not returned and was apparently removed from the box.

Thereafter, the certified mail was returned to appellee's attorney marked by the Postal Service "unclaimed." Subsequently, appellee sent a summons, complaint, and letter to appellant, which warned that the case could proceed to default judgment. This letter was again sent by certified mail to appellant's postal box. Appellee also sent a copy of the motion for default judgment by certified mail on the same date.

The motion for default judgment was subsequently heard and a judgment was entered on appellee's complaint when appellant failed to appear. Thereafter, appellant moved to set aside the default judgment. It is from a denial of that motion that appellant brings this appeal.

■ Though Rule 55 of the Arkansas Rules of Civil Procedure provides for entry of a default judgment when a party fails to appear or otherwise to defend, *Tapp* v. *Fowler*, 291 Ark. 309, 724 S.W.2d 176 (1987), the courts have made it abundantly clear that defaults are not favored and this court has so stated. *Allstate Insurance Co.* v. *Bourland*, 296 Ark. 488, 758 S.W.2d 700 (1988). Because of its harsh and drastic nature which can result in the deprivation of substantial rights, a default judgment should only be granted when strictly authorized and when the party affected should clearly know he is subject to default if he does not act in a required manner. *Winters* v. *Lewis*, 260 Ark. 563, 542 S.W.2d 746 (1976).

■■ Service of process or a waiver of that service is necessary in order to satisfy the due process requirements of the United States Constitution. *Smith* v. *Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983). Therefore, where sufficient notice of an action has not been given, and a default judgment has followed, a

motion to set aside the judgment must be granted. *Ideal Mutual Insurance Co.* v. *McMillian*, 275 Ark. 418, 631 S.W.2d 274 (1982). Appellee's attempt at service of process and notice of impending default must then be measured against the extremely heavy burden imposed upon him.

Appellee first attempted personal service pursuant to Arkansas Rules of Civil Procedure, Rule 4(d)(1), but was unsuccessful. He next sent a copy of the summons and complaint by certified mail to appellant's postal box in compliance with Arkansas Rules of Civil Procedure, Rule 4(d)(8)(A), which provides in pertinent part:

> Service of a summons and complaint upon a defendant . . . may be made . . . by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. Service pursuant to this paragraph shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee. If delivery of mailed process is refused, the plaintiff or attorney making such service, promptly upon receipt of notice of such refusal, shall mail to the defendant by first class mail the copy of the summons and complaint and a notice that despite such refusal the case will proceed and the judgment by default may be rendered against him unless he appears to defend the suit.

Clearly, the rule requires a "refusal" of the mailed notice before default may be entered. The question dispositive of this appeal is whether under these facts the "unclaimed" mail returned by the postal department is "refused" mail within the meaning of Rule 4(d)(8)(A).

The Domestic Mail Manual of the U.S. Postal Service at Section 159.16 characterizes "refused" mail as mail which the addressee has refused to accept and "unclaimed" mail as mail which the addressee abandons or mail which the addressee fails to call for or claim. "Refused" appears in the government manual to be self-defining. Hence, it is necessary to look elsewhere for a

definition. The ultimate arbiter, the *Oxford English Dictionary*, gives as its relevant definition: "To decline positively, to express or to show a determination not *to* do something." (Emphasis is original.) The *Random House Dictionary of the English Language*, Second Edition (1987), in relevant part, defines "refuse" as "to decline to accept (something offered); to express a determination not to (do something)." Both definitions of the term "refuse" stress the active element of refusal — declining "positively" and expressing or showing a determination not to do a particular thing. Refusal therefore is not passive in character.

With respect to Rule 4(d)(8)(A), the active nature of refusal is spelled out with care. The record must contain "a return receipt *signed by the addressee* or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee *reciting* or *showing refusal* of the process by the addressee." (Emphasis added.) Silence or inaction, which elsewhere in the law may be presumed to be token consent, is not, in this instance, equivalent to refusal.

Though this appears to be a case of first impression in Arkansas, we agree with the analysis of the Missouri Court of Appeals, Western District. In *Central Wholesale Distributors* v. *Day*, 672 S.W.2d 88 (Mo. App. 1984), the court held specifically that the return of an attempted service by registered mail is not tantamount to a refusal to receive service of process. *See also, In the Matter of the Interest of M.L.K.*, 768 P.2d 316 (Kan. App. 1989), and *Romeo* v. *Looks*, 535 A.2d 1101 (Pa. Super. 1987), where courts endorsed publication as a secondary method of notice when unclaimed letters were returned.

The record in this case does not show whether appellant was the only person to receive mail in the postal box to which the notices were sent. The postmaster testified that appellant was sent three claimed notices for certified mail but failed to present the notices and claim the mail. A failure to present claimed notices at the post office does not reach the level of affirmative action suggested by the definitions of "refuse." Further, this failure to act affirmatively is a far cry from the explicit requirements of Rule 4(d)(8)(A), which serves as a safeguard against the harshness of default judgment.

In this instance, and under these facts, we are not persuaded

that appellant's due process rights would be satisfied by a finding that the notices of certified mail not returned and other mail addressed to appellant at the same location and not returned, establishes or creates a presumption that the mail was refused. Neither fact, considered separately or together, is sufficient to infer or create a rebuttable presumption that the appellant "refused" the certified mail under the provisions of the rule.

▌ It has long been established that when no sufficient service has been had, the court does not acquire jurisdiction of the person of the defendant. *Coffee* v. *Gates and Bro.*, 28 Ark. 43 (1872).

Reversed and remanded.