Clyde W. LAWSON *v.* R.P. EDMONDSON

89-340                                                    786 S.W.2d 823

Supreme Court of Arkansas
Opinion delivered April 2, 1990

*Wilson, Engstrom, Corum & Dudley*, by: *Timothy O. Dudley*, for appellant.

*David H. McCormick*, for appellee.

TOM GLAZE, Justice. The sole issue in this appeal is whether

the trial court erred in denying the appellant's motion to set aside the default judgment. Appellant argues that appellee failed to make timely service of process. We agree and therefore reverse and dismiss.

While the procedural history of this case is lengthy, only the following factual information is necessary for disposition of the issue. On October 23, 1986, appellee filed a complaint against the appellant for breach of a lease agreement. The appellee sent a copy of the complaint and summons by certified mail to the appellant at an address in Danville, Arkansas, on January 29, 1987. The letter was returned marked "unclaimed" with a forwarding address noted in Loveland, Colorado. On March 4, 1987, the appellee mailed a copy of the complaint and summons to the Colorado address. The trial court sent a letter dated March 20, 1987, to the appellee's attorney stating that a non-est return had been made by the sheriff's department and that the case would be dismissed without prejudice for lack of prosecution if no response to the court's letter was made within sixty (60) days. Meanwhile, on March 27, 1987, attorney Terry Sullivan filed a Rule 12 motion, on behalf of the appellant, challenging among other things the sufficiency of service of process. The record does not reflect that the trial court ever ruled on this motion.

Two new summonses were issued and mailed certified mail to the appellant at Colorado addresses on May 18 and June 18, 1987. Both of these summons were returned, one was marked "unclaimed" and the other "refused." A forwarding address was indicated in Sand Springs, Oklahoma. On June 23, 1987, the trial court entered an order of dismissal without prejudice. After that order and without refiling his complaint, the appellee continued to attempt to serve process on the appellant by sending a copy of the summons and the complaint to the Oklahoma address.

Then, the appellee filed a motion to set aside the trial court's order of dismissal. In that motion, the appellee argued that the appellant, in his Rule 12 motion, indicated that service had been obtained on him. Further, the appellee contended that the motion constituted a limited appearance on behalf of the appellant. The trial court granted the appellee's motion to set aside his order of dismissal. On July 20, 1988, the trial court entered default judgment against the appellant.

██ In considering the appellant's argument that the default judgment should be set aside, we must first decide whether the appellee properly served a copy of the complaint and summons upon the appellant, an out of state defendant. Under ARCP Rule 4(e)(3), service, when reasonably calculated to give actual notice, may be made by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. When service is made by mail, Rule 4(g) provides that proof of service is made by attaching to the affidavit a return receipt, envelope, affidavit or other writing required by Rule 4(d)(8). Rule 4(d)(8)(A) states that service by mail shall not be the basis for the entry of default judgment unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document, or affidavit by a postal employee reciting or showing refusal of process by the addressee. In addition, service of process must be made within 120 days after the filing of the complaint unless there is a motion to extend. ARCP Rule 4(i).

██ Here, the appellee argues that the above requirements for service of process were met when the letter sent by certified mail on January 29, 1987, was returned marked "unclaimed."[1] We disagree. This court has recently held that a mailing of a complaint and summons returned marked "unclaimed" does not meet the requirements of showing refusal of process under Rule 4(d)(8)(A). *Meeks* v. *Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990). In so holding, we stated that a failure to present claimed notices at the post office does not reach the level of affirmative action suggested by the definition of "refused." *Id.*

██ Since the January mailing of the service of process did not meet the requirements of Rule 4 and all other attempted services by mail occurred after the 120 day deadline, the appellee failed to make timely service of summons upon the appellant. Pursuant to Rule 4(i), if service is not made within 120 days of

---

[1] We note that the appellee admitted below that a summons in this case was not served within 120 days from the date of filing the action; however, since this issue is decided against the appellee we will ignore this admission and decide the issue on its merits.

filing the complaint and no motion to extend is made, it is mandatory for the trial court to dismiss the action without prejudice upon motion or upon the court's own initiative. *See Lyons* v. *Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990).

Further, contrary to what the appellee argues, the appellant did not waive this 120 day service requirement by making a Rule 12 motion or by allegedly failing to pursue that motion. Under ARCP Rule 12(b), the defense of insufficiency of service of process shall be asserted in the responsive pleading or at the option of the pleader it may be made by motion. The defense of insufficiency of service of process is waived if it is neither made by motion under this rule nor included in the original responsive pleading. ARCP Rule 12(h)(1)(B). While the appellant attempts to argue alternatively that Terry Sullivan was not retained as his attorney, the record is clear that on March 27, 1987, Sullivan made a Rule 12 motion on behalf of the appellant arguing among other things insufficiency of service of process. Therefore, the appellant properly raised the defense of insufficient service of process.

While the trial court properly dismissed the action without prejudice on June 23, 1987, it later set aside this dismissal upon motion by the appellee and issued a default judgment against the appellant. We hold that the actions taken by the trial court after June 23, 1987, were in error. The appellee argues that the default judgment should not be set aside, because the appellant has failed to meet the requirements necessary for setting aside a judgment after ninety (90) days under ARCP Rule 60. We have stated that Rule 60 applies when the moving party attacks the service of process, presents evidence of a meritorious defense and seeks to have a trial. *Green* v. *Yarbrough*, 299 Ark. 175, 771 S.W.2d 760 (1989).

Here, the default judgment was rendered without valid service of process. We have held that judgments by default rendered without valid service are judgments rendered without jurisdiction and are therefore void. *See Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982). In cases where judgments are void, no proof of a meritorious defense is necessary to set aside the judgment. *Wilburn* v. *Keenan Cos.*, 298 Ark. 461, 768 S.W.2d

531 (1989). Because the default judgment is void, the appellant did not have to meet the requirements of Rule 60 to set it aside. Thus, the trial court erred in not setting aside the default judgment. In addition, the appellee's action must be dismissed without prejudice pursuant to Rule 4(i).

For the reasons stated above, we reverse and dismiss.