Don SIDES *v.* Marvin M. KIRCHOFF

93-1308                                                    874 S.W.2d 373

Supreme Court of Arkansas
Opinion delivered April 25, 1994

*Leslie R. Ablondi*, for appellant.

*Donald M. Spears*, for appellee.

STEELE HAYS, Justice. Donald Sides filed this cause of action in the Hot Spring Circuit Court seeking damages of $30,000 against Marvin Kirchoff for breach of a lease agreement affecting real property in Mississippi.

Marvin Kirchoff moved for summary judgment and, alternatively, for dismissal upon allegations that any cause of action was barred on grounds of *res judicata* and election of remedies. The motion stated the "complaint has been previously tried and reduced to judgment" in Mississippi and the filing in Mississippi "constitutes *res judicata* even if personal service was not perfected."

Donald Sides responded to the motion, conceding the subject matter of the complaint was originally tried in Mississippi and a judgment rendered but stating that when Sides attempted to have the foreign judgment registered against Marvin Kirchoff in Arkansas, Kirchoff convinced the court that he never received actual service and, consequently, the cause has never been tried in Arkansas or Mississippi.

The circuit court dismissed the complaint upon a finding that the issues could have been litigated in the previous proceeding in Mississippi "by a court which would have had both personal as well as subject matter jurisdiction, had personal jurisdiction been properly obtained." Donald Sides brings this appeal. He maintains the trial court erred in that lack of personal jurisdiction defeats either the doctrine of *res judicata* or election of remedies. Finding merit in the argument, we reverse and remand.

Arkansas Code Ann. § 16-65-108 (1987) reads:

> All judgments, orders, sentences, and decrees made, rendered or pronounced by any of the courts of the state against anyone without notice, actual or constructive, and all proceedings had under judgments, orders, sentences, or decrees shall be absolutely null and void.

A judgment rendered without notice to the parties is void. *Woolfolk* v. *Davis*, 225 Ark. 722, 285 S.W.2d 321 (1965). When there has been no proper service and, therefore, no personal jurisdiction over the defendants in a case, any judgment is void *ab initio. Edmonson* v. *Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978); *Halliman* v. *Stiles*, 250 Ark. 249, 464 S.W.2d 573 (1972). In *Forrest* v. *Forrest*, 208 Ark. 48, 184 S.W.2d 902 (1945), we wrote:

> Appellee was not a party plaintiff in the action. She

was made a party defendant, it is true, but the record reflects neither appearance by her nor service upon her in the suit. She could not, therefore, be bound by this order of dismissal, and appellants' plea of *res judicata* cannot be sustained.

Once the judgment in Mississippi was found to have been rendered without jurisdiction over the defendants, such judgment was void. It was as though suit had never been brought and there was no impediment to bringing the suit where personal jurisdiction over the defendants could be had. "A void judgment amounts to nothing and has no force as *res judicata*." *Arkansas State Highway Commission* v. *Coffelt*, 301 Ark. 112, 782 S.W.2d 45 (1990).

This principle of law has universal acceptance. Restatement of Judgments, § 5.

If a state has no jurisdiction over the parties, a personal judgment rendered by a court of the state is subject to collateral attack in other states. Thus, if an action is brought in another state upon the judgment, the defendant can defeat the action by showing the lack of jurisdiction over him in the action in which the judgment was rendered. *Similarly, if the plaintiff brings an action in another state upon the original cause of action, the action cannot be defeated by setting up the prior judgment.*

*Id. Comment (d).*

Reversed and remanded.