Diane M. RAYMOND *v.* Daniel A. RAYMOND

00-751                                        36 S.W.3d 733

Supreme Court of Arkansas
Opinion delivered February 1, 2001
[Petition for rehearing denied March 1, 2001.]

*Mashburn & Taylor*, by: *Scott E. Smith*, for appellant.

*Matthews, Campbell, Rhoads, McClure, Thompson, & Fryauf*, *P.A.*, by: *David R. Matthews*, for appellee.

TOM GLAZE, Justice. This appeal involves a divorce decree entered in appellee Daniel A. Raymond's favor against his wife, Diane M. Raymond. Daniel filed a divorce complaint on December 30, 1996, but it is undisputed that Diane was never served with process, nor did Diane ever receive a copy of the complaint. Instead, both parties signed what was designated a "conditional reconciliation agreement" which was filed with the chancery clerk on April 2, 1997, 93 days after Daniel filed his complaint. The agreement provided it would "shortly" be filed as an attachment to the divorce complaint.

From the wording of the agreement, Diane agreed, among other things, not to partake of alcoholic beverages or illegal drugs, and she would undergo counseling and treatment. The parties further agreed that, by entering into the agreement and resuming their cohabitation, they were pursuing a trial reconciliation. In consideration of Diane's compliance with discontinuing her abuse of alcohol and drugs, during a six-month period, the agreement recited that Daniel would dismiss his divorce complaint. If Diane failed to comply, she in turn agreed to "accept a divorce, leave the house with her car, personal belongings, and $20,000.00," and not make any claims to any real and personal properties, marital or non-marital.

The parties' reconciliation efforts failed. They subsequently executed a property settlement agreement, and Diane signed what was labeled a "waiver and entry of appearance"; however, this pleading did not have her waive service of process, nor did she acknowledge receipt of Daniel's divorce complaint. Rather, the pleading simply acknowledged receipt of the parties' property settlement agreement and reflected her waiver of the right to appear without further notice. These papers were filed along with a divorce decree on May 12, 1997, or 133 days after Daniel filed his complaint. It is undisputed that (1) Diane was not represented by counsel prior to the filing of the decree, (2) she never received a copy of the divorce complaint, and (3) she never specifically waived service of process either when the complaint was filed or before the divorce decree was entered.

Diane later obtained counsel, and on March 5, 1999, she petitioned to the court to set aside the May 12, 1997, divorce decree. While she acknowledged having signed the conditional reconciliation agreement and a property settlement agreement, Diane alleged that, during that time, she was dependent upon Daniel for guidance and advice because she suffered from alcoholism. Her paramount contention for setting aside the May 12, 1997, decree was that the chancery court granting the decree had not acquired jurisdiction to do so because Daniel had never perfected service of process on Diane, nor did he deliver to her a copy of his complaint.

In support of her contention, she largely relied on Ark. R. Civ. P. 4(a) and (i), which govern service of process. Rule 4(a) provides that "[u]pon the filing of the complaint, the clerk shall forthwith issue a summons and cause it to be delivered for service to a sheriff or to a person appointed by the court or authorized by law to serve process." Rule 4(i) further provides the following:

> *If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant* without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause. (Emphasis added.)

As alluded to above, it is uncontroverted that Daniel never perfected service of process on Diane within 120 days after filing his complaint, nor did he serve a copy of his complaint on her or have

her sign an entry of appearance whereby she waived service of summons within that required 120-day period. These failures, Diane asserted, rendered the chancery court without authority to hear or decide the parties' divorce. The chancellor disagreed, and specifically found that Diane's signature on the parties' so-called conditional reconciliation agreement constituted an entry of appearance, and that, by signing it, Diane submitted herself to the court's jurisdiction. Since the reconciliation agreement had been signed and entered 93 days (or within the mandatory 120-day period) from the filing of Daniel's complaint, the chancellor held Daniel had complied with Rule 4(i). Diane appealed the chancellor's decision to the court of appeals, which affirmed. *See Raymond v. Raymond*, 70 Ark. App. 372, 19 S.W.3d 52 (2000). The court of appeals, in a 4–2 decision, agreed with the chancellor's reasoning, and, citing cases decided prior to Rule 4(i)'s existence, the appellate court held the language in the parties' reconciliation agreement signed by Diane amounted to a "substantial step" which constituted her waiver and entry of appearance without reserving her objection to the trial court's lack of jurisdiction. We disagree and reverse and dismiss the chancellor's divorce decree.

■■ Arkansas law is long settled that service of valid process is necessary to give a court jurisdiction over a defendant. *Tucker v. Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982) (citing *Halliman v. Stiles*, 250 Ark. 249, 464 S.W.2d 573 (1972), and *Southern Kansas Stage Lines Co. v. Holt*, 192 Ark. 165, 90 S.W.2d 473 (1936)). Moreover, a summons is necessary to satisfy due process requirements. *Thompson v. Potlatch Corp.*, 326 Ark. 244, 930 S.W.2d 355 (1996). It is also mandatory under Arkansas law that *service of process must be made within 120 days* after the filing of the complaint unless there is a motion to extend, and if service is not obtained within the 120-day period and no such motion is made, dismissal is required upon motion or upon the court's own initiative. *See* Ark. R. Civ. P. 4(i); *Lyons v. Forrest City Machine Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) (under Rule 4(i), the trial court's dismissal of the case for failure to make service of summons was mandatory); *see also Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990).

■■ Our case law is equally well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact.

*Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996) (citing *Wilburn v. Keenan Cos.*, 298 Ark. 461, 768 S.W.2d 531 (1989), and *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978)). In *Carruth*, this court held that the same reasoning applies to service requirements imposed by court rules, and that proceedings conducted where the attempted service was invalid renders judgments arising therefrom void *ab initio*. The *Carruth* court, quoting from *Tucker v. Johnson, supra*, further held that actual knowledge of a proceeding does not validate defective process. *Carruth*, 324 Ark. at 375. Stated in different terms, the general rule is that a judgment entered without jurisdiction of the person or the subject matter or in excess of the court's power is void. *Neal v. Wilson*, 321 Ark. 70, 900 S.W.2d 177 (1995).

■ The foregoing established legal principles require this court to hold the chancellor's decree awarding Daniel a divorce to be void because, as pointed out above, Diane was indisputably never served with a copy of Daniel's complaint or summons; neither did Daniel file a motion to extend the time or obtain a waiver and entry of appearance whereby Diane waived service of summons or process. While Daniel argues Diane had been made aware that Daniel had filed a divorce, this limited actual knowledge was insufficient for the lower court to acquire jurisdiction over Diane. *See Tucker, supra.*

In holding as we do, we reject Daniel's argument that Diane's signing the parties' reconciliation agreement, filed 93 days after Daniel's complaint, complied with the 120-day time period required by Rule 4(i). Daniel submits that there is no specific requirement for how a party may enter their appearance and that any action of a defendant showing an intention to enter an appearance, whether by formal writing or informal parol action is a voluntary appearance binding on him. For this proposition, he relies on *Robinson v. Bossinger*, 195 Ark. 445, 112 S.W.2d 637 (1938), and the following language therein:

> A party who answers, consents to a continuance, goes to trial, takes an appeal, or does any substantial act in a cause, although he has not been served with summons, is deemed to have entered his appearance unless he objects and preserves his protest to the jurisdiction of his person.

■ In addition to the *Robinson* case, Daniel also cites *Kirk v. Bonner*, 186 Ark. 1063, 57 S.W.2d 802 (1930), for the rule that a

voluntary appearance in court may be by formal writing, but in *Kirk,* the defendant executed a proper pleading waiving the issuance of summons and entering his appearance. At the time of both *Robinson* and *Kirk,* however, the Rules of Civil Procedure had not yet been promulgated. In other words, Rule 4(i) was not in effect and therefore not argued in those cases. Likewise, this court was not faced with the due process or jurisdictional issues considered in our later cases, discussed above, where this court held that (1) a valid service of process is necessary to give a court jurisdiction over a defendant; (2) actual knowledge of a proceeding does not validate a defective process; (3) if service of summons is not made upon a defendant within 120 days after filing the complaint, the case must be dismissed; and (4) proceedings where attempted service was invalid render judgments arising therefrom void *ab initio* and subject to collateral attack at any time.

We extend treatment of this point only because the dissenting opinion mentions Ark. R. Civ. P. 12(a), (b), and (h)(1), which are not argued by the parties. Rule 12(a) provides for the time in which a defendant must file his answer after the service of summons and complaint on him, and Rule 12(b) requires a defendant to raise his defenses in his responsive pleading, or for eight specified defenses, by motion. These defenses include lack of jurisdiction over the person, insufficiency of process, and insufficiency of service of process. Rule 12(b)(2), (4), and (5). The dissenting opinion submits that, under Rule 12(h)(1)(A) and (B), the defenses of lack of personal jurisdiction and insufficient service are waived if the defendant fails to object to those defenses by motion under Rule 12 or include such defenses in the defendant's original responsive pleading. The dissent urges that, because Diane failed to file a motion raising these defenses, she waived them. The dissent is mistaken. Here, *insufficient* service is not the issue. Daniel obtained *no service* of his complaint and summons on Diane, and, in fact, she has never been furnished a copy of the complaint. Thus, Diane was in no position to file a motion to dismiss or any type of responsive pleading. Rule 12 simply does not apply to the facts or situation before us.

The dissenting opinion, similar to the argument discussed above, asserts Diane had waived any defense she had because she entered her appearance in Daniel's divorce proceeding by signing the parties' conditional reconciliation agreement which reflected the style of the divorce action by Daniel. The dissent, citing a

number of cases, submits that a formal pleading is not necessary to effectuate an "appearance" in a proceeding. *See Divilbliss v. Suchor,* 311 Ark. 8, 841 S.W.2d 600 (1992); *Farm Bureau Mut. Ins. Co. v. Campbell,* 315 Ark. 136, 865 S.W.2d 643 (1993); *Arkansas Dep't of Human Servs. v. Farris,* 309 Ark. 575, 832 S.W.2d 482 (1992); *Norsworthy v. Norsworthy,* 289 Ark. 479, 713 S.W.2d 451 (1986).

Of course, to accept the dissent's proposition, one must give a liberal construction to the parties' agreement in order to refer to it as a pleading of any kind. Unquestionably, the reconciliation agreement is what it says it is — an agreement, not a responsive pleading. Nor can the agreement be said to request any relief from the court. Again, the only question to decide on appeal is whether the agreement the parties signed was a waiver of service of process. Construing the agreement strictly, as we must, we reach the inevitable conclusion that the agreement does not amount to a lawful service of process, nor did Diane waive service by signing it.

We further point out that none of the cases cited in the dissent is supportive of its theory or position. The *Divilbliss* case, for example, involved Rule 55 of the Arkansas Rules of Procedure, not Rule 4(i); in fact, defendant Divilbliss had been served, but the issue there was whether the defendant took any action *after service* that constituted an appearance under Rule 55(b). Next, the *Farm Bureau* case is also not helpful to the dissent and actually undermines its position. There, defendant Farm Bureau was never served with process, but its attorney was sent a copy of the complaint. Defendant's attorney responded by filing a timely answer, but also reserved the defendant's objection to the court's lack of jurisdiction and insufficient service of process. The *Farm Bureau* court upheld the trial court's dismissal of the plaintiff's complaint, and agreed with the lower court that, while the defendant filed an answer, it had properly reserved its objections and therefore had not entered its appearance. The third case cited by the dissent, *Farris,* is also of no value to the dissent's theory. That decision merely discusses the earlier distinction between general and special appearances and announced the prevailing rule that, as long as a party either moves to dismiss (or objects for lack of personal jurisdiction) before pleading on the merits, or combines the objection to jurisdiction with the response on the merits, the objection is preserved and this procedure obviates the "special appearance." And last, the dissent cites *Norsworthy* in support of its position. There the out-of-state defendant was evidently served, but he responded with a motion to

dismiss, challenging the Arkansas chancery court's jurisdiction. However, while the defendant questioned the chancery court's jurisdiction, he sought affirmative relief in the form of a stay so the Texas and Arkansas courts could have direct communication in accordance with the Uniform Child Custody Jurisdiction Act. The *Norsworthy* court held such a request of the court for affirmative relief amounted to a general appearance. In conclusion, our study of Rule 12 and the cases cited in the dissent show they are in no way controlling of the situation now before us.

■ As a final argument, Daniel asserts that laches prevents Diane from petitioning to set aside the divorce decree, at least, by the time Diane signed the decree. In support of this contention, he cites *Self v. Self*, 319 Ark. 632, 893 S.W.2d 775 (1995), for its statement that laches "has been applied in numerous cases where one party has obtained an invalid divorce and remarried, but the first spouse then waits too long under the facts of the particular case to assert her right to have the void judgment vacated." *Id.* at 636. However, *Self* may be easily distinguished, in that the initial divorce decree in *Self* was held to be merely voidable; in the instant case, the decree was void *ab initio*. Certainly, when the May 12, 1997 decree was filed, the 120-day period under Rule 4(i) had passed, and as discussed in detail above, the reconciliation agreement did nothing to validate the service under the Rule. Thus, Daniel's attempt to invoke laches as a defense is misplaced because the trial court had no jurisdiction or authority to hear the cases in the first place, *see Tucker, supra*, much less consider such a defense or argument. *Cf. Farm Bureau Mutual Ins. Co., supra*.

■ In conclusion, we hold that the chancellor erred in granting Daniel's motion for summary judgment on the petition to set aside the divorce decree, and that order is hereby reversed and dismissed without prejudice.

BROWN, IMBER, and THORNTON, JJ., dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. The majority today holds that the Washington County Chancery Court was without jurisdiction to enter a decree of divorce in the action filed by Mr. Raymond because he failed to perfect service upon Ms. Raymond within 120 days of filing the complaint for divorce. I must dissent because the majority fails to recognize that service of process may be waived by the defendant, as Ms. Raymond did in this case.

"Service of process or a waiver of that service is necessary in order to satisfy the due process requirements of the United States Constitution." *Meeks v. Stevens*, 301 Ark. 464, 466, 785 S.W.2d 18 (1990). As the majority points out, Rule 4(i) mandates that service be made within 120 days of the filing of the complaint, or the action must be dismissed as to any defendant not served. Ark. R. Civ. P. 4(i). Service of process is a jurisdictional issue, the failure of which deprives the trial court of jurisdiction over the person of the defendant. *See Sides v. Kirchoff*, 316 Ark. 680, 681, 874 S.W.2d 373 (1994).

The majority, however, fails to recognize that personal jurisdiction is a defense that can be waived by the defendant. *Arkansas Dep't of Human Servs. v. Farris*, 309 Ark. 575, 578, 832 S.W.2d 482 (1992). Rules 12(b)(5) and 12(h)(1) clearly set forth the procedure for raising an insufficiency-of-service-of-process defense. *Sublett v. Hipps*, 330 Ark. 58, 63, 952 S.W.2d 140 (1997). Where a defendant believes that the trial court lacks personal jurisdiction over her because of insufficient service of process, she may take one of three actions to preserve her defense: (1) she may file a motion to dismiss the complaint against her for failure to obtain service of process; (2) she may file a responsive pleading in which she asserts the defense of insufficient service; or (3) she may simply choose not to appear or to contest jurisdiction. *Hamm v. Office of Child Support Enforcement*, 336 Ark. 391, 394, 985 S.W.2d 742 (1999); *Arkansas DHS. v. Farris*, *supra*; Ark. R. Civ. P. 12. If a defendant does appear without first filing a motion to dismiss for insufficient service or asserting this defense in her first responsive pleading, she waives any defense based upon the insufficiency of the service of process. *Hamm v. OCSE*, *supra*. *See also Wallace v. Hale*, 341 Ark. 898, 20 S.W.3d 392 (2000); *Farm Bureau Mut. Ins. Co. v. Campbell*, 315 Ark.. 136, 141, 865 S.W.2d 643 (1993); Ark. R. Civ. P. 12(h).

It is undisputed in this action that Mr. Raymond failed to perfect service upon Ms. Raymond within 120 days of filing the complaint for divorce. He argues, however, that Ms. Raymond waived any defense based upon insufficient service when she entered an appearance in the divorce action by signing the conditional reconciliation agreement. The majority summarily dismisses Mr. Raymond's argument because he cited only pre-rule cases to support his argument and did not take into account due process concerns. Mr. Raymond's argument should not be so quickly dismissed. As noted above, by entering an appearance in a case, a

defendant waives her defense of insufficient service of process. *Hamm v. OCSE, supra; Farm Bureau v. Campbell, supra.* A waiver of service ameliorates any due process concerns. *See Stevens v. Meeks, supra.* The question, therefore, is whether Ms. Raymond entered an appearance in the divorce action when she entered into the conditional reconciliation agreement. I believe she did.

An overt action on the part of the defendant, other than objecting to jurisdiction, which recognizes the case as in court, is an appearance. *Norsworthy v. Norsworthy,* 289 Ark. 479, 487, 713 S.W.2d 451 (1986); *Divilbliss v. Suchor,* 311 Ark. 8, 15-16, 841 S.W.2d 600 (1992). If the defendant engages in any action that is not purely defensive prior to asserting the insufficiency of service, an appearance is entered and the defense is waived. *Wallace v. Hale, supra.* A purely defensive action is an action such as engaging in discovery. *Farm Bureau v. Campbell, supra.* However, a formal pleading is not necessary to effectuate an "appearance." *Divilbliss v. Suchor, supra. See, e.g., Farm Bureau v. Campbell, supra* (a request for affirmative relief); *Arkansas DHS v. Farris, supra* (a motion requesting appointment of counsel and a response to a motion to intervene by a third party); *Norsworthy v. Norsworthy, supra* (a motion to stay proceedings).

In the instant case, Ms. Raymond signed a document entitled "Conditional Reconciliation Agreement." This agreement was in the form of a legal document prepared for filing. At the head of the agreement is the style of the pending divorce action, containing the name of the court, the style of the case indicating the plaintiff and the defendant, and the docket number assigned to the case. The agreement itself clearly states that it is to be filed as an attachment to the complaint for divorce in the Chancery Court of Washington County, Arkansas. The agreement further provides that, if Ms. Raymond successfully completes an alcohol rehabilitation program and abstains from alcohol for a period of six months, Mr. Raymond would dismiss the *pending* divorce complaint in the Washington County Circuit Court.

There can be no doubt that by signing the conditional reconciliation agreement, Ms. Raymond knew she was entering into an agreement within the confines of the pending divorce action in the Washington County Chancery Court. As the majority states, actual knowledge of a pending action does not validate defective process. *Carruth v. Design Interiors, Inc.,* 324 Ark. 373, 921 s.W.2d 944

(1996). However, Ms. Raymond's involvement in this case went beyond mere knowledge of its pendency. She committed an overt act by signing the conditional reconciliation agreement to be filed with the court. Signing this agreement was not a purely defensive action on the part of Ms. Raymond. To the contrary, by entering into the agreement, Ms. Raymond committed to a course of action in the divorce proceedings, determining the parameters under which the divorce would proceed from that point forward. By entering into this agreement, and making it a part of the divorce proceeding, Ms. Raymond entered an appearance and submitted herself to the court's jurisdiction, thereby waiving any defense of insufficient service of process.

In summary, the majority's interpretation of ARCP Rule 4 in this case shifts the onus of Rule 12, whereby a defense of insufficient service of process must be specifically asserted to be preserved. The majority's opinion instead holds that insufficient service of process is preserved unless specifically waived. In so doing, it effectively abolishes our line of precedent to the contrary. For this reason, I must respectfully dissent.

BROWN and THORNTON, JJ., join in this dissent.