Linda Gail Sloan ATKINS *v.* Sterling Oliver ATKINS, Jr.

91-182                                           823 S.W.2d 816

Supreme Court of Arkansas
Opinion delivered January 21, 1992

*Griffin, Rainwater & Draper, P.A.,* by: *Paul S. Rainwater,*

for appellant.

*Harrod Law Office*, by: *Shelby Reid Harrod, Jr.*, for appellee.

ROBERT H. DUDLEY, Justice. We have accepted appellate jurisdiction of this case because it is a significant case involving the construction and interpretation of state and federal statutes setting out the jurisdictional requirements for interstate child custody disputes, and additionally, it involves interpretation of the federal statute which sets out the requirements for according full faith and credit to a foreign child custody decree. In interpreting the applicable statutes, we affirm the Chancellor's refusal to accord full faith and credit to a foreign custody decree.

Appellant Linda Atkins and appellee Sterling Atkins were married on December 27, 1985, in Linda's hometown of Bastrop, Louisiana, and immediately returned to Sterling's hometown of Hamburg, Arkansas, where they resided until they were separated. Bastrop, Louisiana, and Hamburg, Arkansas, are only thirty (30) miles apart. The couple had one child, Lindsey, who was born in a Bastrop hospital on December 29, 1989.

On August 15, 1990, while still living in Hamburg, the mother, Linda, and the father, Sterling, separated, and the mother took the child to her parent's home in Bastrop. On August 28, 1990, she filed a petition for separation in Morehouse Parish, Louisiana, the Parish in which Bastrop is located. On September 4, 1990, service of process was had on the father under the Louisiana long-arm statute.

Three days later, on September 7, 1990, the father filed a suit for divorce in the Chancery Court of Ashley County, Arkansas, which is the County in which Hamburg is located. Service of process was had on the mother under the Arkansas long-arm statute on October 22, 1990.

On October 11, 1990, a hearing was held in the Louisiana proceeding. The father objected to the jurisdiction of the Louisiana court and requested a stay of the proceedings. The trial court overruled the father's objections and heard the case on its merits. The trial court awarded temporary custody of the child to the mother and ordered the father to pay temporary alimony and child support. The father appealed to the Court of Appeal of

Louisiana. The appellate court reversed that part of the decree that ordered the father to pay temporary alimony and child support because they found there was no personal jurisdiction over him. *Atkins* v. *Atkins*, No. 22908-CA, 1991 WL 226588 (La. Ct. App. Oct. 30, 1991). The father did not appeal from the award of custody of the child to the mother.

On November 13, 1990, the mother moved to dismiss the proceeding in Ashley County, Arkansas, because Ark. Code Ann. § 9-13-206(a) (Repl. 1991), which is a part of the Uniform Child Custody Jurisdictional Act (UCCJA) as adopted by the Arkansas General Assembly, provides:

> A court of this state shall not exercise its jurisdiction under this subchapter if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court of another state exercising jurisdiction substantially in conformity with this subchapter, unless the proceeding is stayed by the court of the other state because this state is a more appropriate forum or for other reasons.

On February 12, 1991, the Arkansas trial court denied the mother's motion to dismiss and on March 25, 1991, refused to accord full faith and credit to the Louisiana decree, granted the father a divorce, and awarded custody of the child to the father, with the right of visitation being granted to the mother. The mother subsequently filed this appeal.

The mother argues that the Louisiana proceeding was never stayed, and therefore, the Arkansas trial court exercised jurisdiction in violation of Ark. Code Ann. § 9-13-206(a), quoted above. She admits that the quoted statute is a part of the UCCJA and that, under it, the Arkansas court could exercise jurisdiction if the Louisiana court had not acted "substantially in conformity" with the UCCJA. (Both Louisiana and Arkansas have adopted the identical uniform act. *See* La. Rev. Stat. Ann. § 13:1700-1724 (1983) & Ark. Code Ann. § 9-13-203 to -27 (Repl. 1991)). But, she argues, the Louisiana court acted substantially in conformity with UCCJA, and as a result, the Arkansas court erred in exercising jurisdiction. The argument concerning the UCCJA is most likely without merit, and although we discuss the argument, we do not decide it, because this case is governed by a preemptive

4

federal statute, the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A (1982), and the trial court's ruling was correct under that federal act.

The UCCJA outlines when a court has jurisdiction to determine child custody upon the finding of one or more of four facts:

(a)    A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1)    This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2)    It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3)    The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4)(i)    It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a)(1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

(b)    Except under subdivisions (a)(3) and (4), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c)    Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

Ark. Code Ann. § 9-13-203(a)(1)—(4) (Repl. 1991).

"Home state" is defined as "the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as a parent, for at least six (6) consecutive months[.]" Ark. Code Ann. § 9-13-202(5) (Repl. 1991). Under this definition Arkansas was the home state of the child, and therefore, the Louisiana court could not have exercised jurisdiction under subpart (1), quoted above. Subparts (3) and (4) of the above quoted statute are not applicable, and the Louisiana court could not have exercised jurisdiction under either of them. Subsection (2) quoted above, the "significant connection" and "substantial evidence" provision, is the only provision under which the Louisiana trial court could have possibly exercised jurisdiction, but there is no record of findings of fact by the Louisiana court to support such jurisdiction.

In discussing subsection (2) we have said: "[T]hat provision, while broad, must be judiciously applied, and it should not be regarded as giving a court only recently involved an excuse to act precipitously, in an ex parte proceeding, by disregarding the remainder of the act, so plainly aimed at promoting cooperation between courts." *Norsworthy* v. *Norsworthy*, 289 Ark. 479, 485, 713 S.W.2d 451, 455 (1986). Further, we reversed an Arkansas trial court for exercising jurisdiction under subsection (2) under facts almost identical to those which were before the Louisiana court in this case. *See Garrett* v. *Garrett*, 292 Ark. 584, 732 S.W.2d 127 (1987).

However, we need not decide whether the Louisiana court did find, under subsection (2), that the child had a "significant connection" with Louisiana and that there was "substantial evidence" there because, even if the Louisiana court did so find, the result would be that under the UCCJA there was concurrent

jurisdiction in the two states.

The Parental Kidnapping Prevention Act of 1980 (PKPA) was passed by Congress for cases just like this one because the states' UCCJA's flexible provisions, especially those involving "significant connection" and "substantial evidence," can be interpreted to permit two states to assert jurisdiction concurrently. Note, *Parental Kidnapping in Arkansas Under the Uniform Child Custody Jurisdiction Act and Parental Kidnapping Prevention Act*, 10 U. Ark. Little Rock L. J., 69, 75 (1987-88). The existence of concurrent jurisdiction under the UCCJA continued to allow forum shopping. *See* Note, *North Dakota's Interpretation of the Interplay between the PKPA and the UCCJA*, 62 N.D.L. Rev. 231, 269 (1986); Krauskoph, *Remedies for Parental Kidnapping in Federal Court*, 45 Ohio St. L. J. 429, 431-32 (1984). In response, Congress enacted the PKPA. In *Thompson* v. *Thompson*, 484 U.S. 174, 177 (1987), the opinion of the Court explained: "As the legislative scheme suggests, and as Congress explicitly specified, one of the chief purposes of the PKPA is to 'avoid jurisdictional competition and conflict between State courts.' Pub. L. 96-611, 94 Stat. 3569 § 7(c)(5), note following 28 U.S.C. § 1738A." We stated in *Garrett* v.*Garrett*, 292 Ark. 584, 732 S.W.2d 127 (1987), that the principal distinction between the UCCJA and the PKPA is that the PKPA gives *exclusive jurisdiction* to the child's *home state*. "Home state" is defined as the state in which the child lived with his parent or parents for "at least six (6) consecutive months." 28 U.S.C. § 1738A (b)(4) (1982). Accordingly, under the PKPA, the Arkansas court had exclusive jurisdiction since it was the home state, while under the UCCJA there might have been concurrent jurisdiction because of the "significant connection" and "substantial evidence" provision. When the UCCJA and the PKPA conflict, the preemptive federal PKPA controls. *Norsworthy* v. *Norsworthy*, 289 Ark. 479, 713 S.W.2d 451 (1986).

Although the PKPA only applies directly to modification proceedings, it also indirectly governs initial custody determinations. Note, *Parental Kidnapping in Arkansas and the Uniform Child Custody Jurisdiction Act and Parental Kidnapping Prevention Act*, 10 U. Ark. Little Rock L. J. 69, 77 (1987-88). This is due to the fact that if a custody decree fails to conform to the requirements of the PKPA, it will not be entitled to full

faith and credit in another state. *See* 28 U.S.C. § 1738A(a) (1982). We have so applied the act, *Garrett* v. *Garrett, supra,* as have other states. *See, e.g., Schrock* v. *Schrock,* 365 S.E.2d 657 (N.C. Ct. App. 1988). Accordingly, we affirm the exercise of jurisdiction by the Arkansas trial court and affirm its refusal to afford full faith and credit to the decree of the Louisiana court.