623 So.2d 239 (1993)
Sterling Oliver ATKINS, Jr., Plaintiff-Appellee,
v.
Linda Gail Sloan ATKINS, Defendant-Appellant.
No. 25034-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1993.
Fewell & Rhymes by Richard L. Fewell, Jr., Monroe, for defendant-appellant.
Travis M. Holley, Bastrop, for plaintiff-appellee.
*240 Before HIGHTOWER, BROWN and STEWART, JJ.
STEWART, Judge.
Married on December 27, 1985 in Bastrop, Morehouse Parish, Louisiana, Linda Gail Sloan Atkins and Sterling O. Atkins, Jr., established their matrimonial domicile approximately 30 miles away in Hamburg, Ashley County, Arkansas. On August 14, 1990, Mrs. Atkins returned to Bastrop with the couple's only child, Lindsey Allene Atkins who was born December 28, 1989.
Mrs. Atkins obtained custody of Lindsey in Louisiana, and Mr. Atkins obtained custody of Lindsey in Arkansas. Mr. Atkins then obtained a judgment in Louisiana which granted full faith and credit to the Arkansas custody decree. Mrs. Atkins appeals, asserting that Louisiana should not afford full faith and credit to an Arkansas decree which conflicts with the earlier Louisiana custody determination. Under the unique facts of this case, we affirm the trial court's judgment which recognizes the Arkansas decree.

FACTS
The Louisiana Judgment of Separation
Mrs. Atkins filed her petition for separation and divorce on August 28, 1990, in Morehouse Parish, Louisiana, in which she requested custody of their child. Mr. Atkins was served via the Louisiana Long Arm Statute on or about September 4, 1990 in Ashley County, Arkansas. He objected to the jurisdiction of the Louisiana court, but his exception was overruled. In an October 25, 1990 judgment, the trial court awarded custody of the child to Mrs. Atkins and ordered Mr. Atkins to pay alimony and child support.
Mr. Atkins appealed only the issue of the Louisiana court's jurisdiction to order alimony and child support. He did not appeal the child custody determination, or the jurisdiction of the Louisiana court over the minor child. On appeal, this court ruled that Louisiana had no personal jurisdiction over Mr. Atkins. Accordingly, the trial court judgment was reversed to the extent that it condemned Mr. Atkins to pay child support and alimony pendente lite. Atkins v. Atkins, 588 So.2d 407 (La.App.2d Cir.1991).
The Arkansas Judgment of Divorce
On September 7, 1990, shortly after being served with Mrs. Atkins' petition, Mr. Atkins filed a Complaint in Equity seeking a divorce in Ashley County, Arkansas. The Arkansas trial court rendered its decree on March 25, 1991, in which Plaintiff (Sterling Oliver Atkins, Jr.) was "awarded custody of the minor child subject to Defendant's (Linda Gail Sloan Atkins) right to visitation as set out hereinbelow".
Mrs. Atkins appealed the Arkansas decree, asserting that the Arkansas trial court exercised jurisdiction in violation of the Uniform Child Custody Jurisdiction Act (UCCJA), which had been adopted by both Louisiana and Arkansas. The Arkansas Supreme Court examined the UCCJA and concluded that (1) the only provision under which the Louisiana trial court could have exercised jurisdiction was under the "significant connection" subsection and (2) there was no record of findings of fact by the Louisiana trial court to support such jurisdiction.
The court determined that, even if the Louisiana trial court properly found a jurisdictional basis under the UCCJA, the Arkansas trial court's ruling was correct under the governing preemptive federal statute, the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A. The following excerpt is from the Arkansas Supreme Court opinion, Atkins v. Atkins, 308 Ark. 1, 823 S.W.2d 816 (1992):
The Parental Kidnapping Prevention Act of 1980 (PKPA) was passed by Congress for cases just like this one because the states' UCCJA's flexible provisions, especially those involving "significant connection" and "substantial evidence," can be interpreted to permit two states to assert jurisdiction concurrently. Note, Parental Kidnapping in Arkansas Under the Uniform Child Custody Jurisdiction Act and Parental Kidnapping Prevention Act, 10 U.Ark. Little Rock L.J., 69, 75 (1987-88). The existence of concurrent jurisdiction under the UCCJA continued to allow forum shopping. See Note, North Dakota's Interpretation of the Interplay between the *241 PKPA and the UCCJA, 62 N.D.L.Rev. 231, 269 (1986); Krauskoph, Remedies for Parental Kidnapping in Federal Court, 45 Ohio St.L.J. 429, 431-32 (1984). In response, Congress enacted the PKPA.... We stated in Garrett v. Garrett, 292 Ark. 584, 732 S.W.2d 127 (1987), that the principal distinction between the UCCJA and the PKPA is that the PKPA gives exclusive jurisdiction to the child's home state.... Accordingly, under the PKPA, the Arkansas court had exclusive jurisdiction since it was the home state, while under the UCCJA there might have been concurrent jurisdiction because of the "significant connection" and "substantial evidence" provision. When the UCCJA and the PKPA conflict, the preemptive federal PKPA controls. Norsworthy v. Norsworthy, 289 Ark. 479, 713 S.W.2d 451 (1986).
Accordingly, the Supreme Court of Arkansas affirmed the Arkansas trial court's exercise of jurisdiction and refusal to afford full faith and credit to the Louisiana decree.

The Instant Petition for Full Faith and Credit
After the Arkansas Supreme Court affirmed the Arkansas custody determination, Mr. Atkins filed the instant petition to recognize a foreign decree in the Fourth Judicial District Court, Morehouse Parish, Louisiana. The trial court reluctantly granted full faith and credit to the Arkansas decree. In its reasons for judgment, the trial court observes that Arkansas was the child's home state because it was the child's home prior to August 1990 and the child had not been in Louisiana more than six months at the time Mrs. Atkins filed her petition. Mrs. Atkins appeals the Louisiana trial court judgment which granted full faith and credit to the Arkansas decree.

DISCUSSION
Mrs. Atkins' Argument
Mrs. Atkins obtained a Louisiana custody decree in October 1990. Mr. Atkins obtained the Arkansas custody decree in March 1991. Mrs. Atkins argues that, because the Arkansas custody determination conflicts with the prior Louisiana determination, the Arkansas decree is not entitled to full faith and credit. At issue is whether the instant trial court properly granted full faith and credit to the Arkansas decree, which grants custody to Mr. Atkins subject to visitation by Mrs. Atkins, where the Arkansas decree was preceded by an unappealed award of sole custody to Mrs. Atkins in a Louisiana judgment.
We note at the outset that, in her pleadings, brief, and other argument, Mrs. Atkins erroneously asserts that this court affirmed the Louisiana court's award of custody to her. In our appellate decision, however, this court did not address custody. We addressed only the issues raised by Mr. Atkins, who did not assign as error the trial court's award of custody to Mrs. Atkins. Therefore, there was no appellate disposition of the Louisiana custody award.

Legal Principles
Mrs. Atkins asserts that the Louisiana custody determination was made in accordance with the Uniform Child Custody Jurisdiction Act (UCCJA), LSA-R.S. 13:1700 et seq. However, it is the Parental Kidnapping Prevention Act of 1980 (PKPA), 28 U.S.C.A. § 1738A, which defines the requirements for granting full faith and credit to a child custody determination from another state. The pertinent subsections of the PKPA are as follows:
(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provisions of this section by a court of another State.
(b) As used in this section, the term
. . . .
(4) "home State" means the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months, ...
. . . .
(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if

*242 (1) such court has jurisdiction under the law of such State; and
(2) one of the following conditions is met:
(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;
(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;
(D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or
(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
Congress designed the PKPA to remedy the defects of the UCCJA with a uniform federal statute. Meade v. Meade, 812 F.2d 1473, 1476 (4th Cir.1987). The PKPA imposes a duty on the States to enforce a child custody determination entered by a court of a sister State if the determination is consistent with the provisions of the Act. Thompson v. Thompson, 484 U.S. 174, 175-177, 108 S.Ct. 513, 514-515, 98 L.Ed.2d 512 (1988) (emphasis added). Once a State exercises jurisdiction consistently with the provisions of the Act, no other State may exercise concurrent jurisdiction over the custody dispute even if it would have been empowered to take jurisdiction under state law, and all States must accord full faith and credit to the first State's ensuing custody decree. Thompson, id.[1] Thus, the PKPA preempts the UCCJA, LSA-R.S. 13:1700 et seq., in the event of concurrent jurisdiction.
On the issue of whether Louisiana must afford full faith and credit to the Arkansas judgment, the Louisiana custody determination is of no moment unless the Louisiana decree were consistent with the PKPA, 28 U.S.C.A. § 1738A. For this reason, we do not address whether the Louisiana custody determination was made in accordance with the UCCJA.

Analysis
If the Louisiana custody determination were made consistently with the provisions of the PKPA, then the Arkansas custody decree violates subsection (g) of the PKPA, 28 U.S.C.A. § 1738A(g), which provides that
(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.
On the other hand, if the Louisiana decree was not consistent with the PKPA, then the *243 Arkansas judgment, rendered by the child's home state and therefore consistent with 28 U.S.C.A. § 1738A(c)(2)(A), is entitled to full faith and credit pursuant to 28 U.S.C.A. § 1738A(a). We must therefore determine whether the Louisiana custody decree was made consistently with 28 U.S.C.A. § 1738A.
As explained by Justice Marshall in Thompson, supra, (footnote omitted),
In order for a state court's custody decree to be consistent with the provisions of the Act, the State must have jurisdiction under its own local law and one of five conditions set out in § 1738A(c)(2) must be met. Briefly put, these conditions authorize the state court to enter a custody decree if the child's home is or recently has been in the State, if the child has no home State and it would be in the child's best interest for the State to assume jurisdiction, or if the child is present in the State and has been abandoned or abused.
Mrs. Atkins filed her petition for separation and divorce less than one month after returning to Louisiana with the child. At the time the petition was filed, Arkansas was the child's home state. The record contains no evidence of either abandonment, emergency or abuse concerning the child. The home state, Arkansas, did not decline to exercise its jurisdiction. For these reasons we find that, even though the Louisiana court arguably had "significant connection" jurisdiction under the UCCJA, the Louisiana custody determination was not made consistently with the provisions of 28 U.S.C.A. § 1738A.[2]
Because the Louisiana custody decree was made inconsistently with the PKPA, there was no bar to the exercise of jurisdiction by Arkansas. The Arkansas decree was therefore the first custody determination which was consistent with the PKPA. For this reason, we find that the instant trial court correctly carried out its duty to afford full faith and credit to the Arkansas decree.
Mrs. Atkins cites Eicke v. Eicke, 399 So.2d 1231 (La.App.3d Cir.1981) as support for her position that Louisiana is not required to give full faith and credit to the Arkansas decree. We have reviewed Eicke, but find it inapposite because the court neither discussed the PKPA nor applied it to the competing custody determinations therein.
In light of Thompson, supra, and the language of 28 U.S.C.A. § 1738A(c)(2), we disagree with the Arkansas Supreme Court in its statement that the PKPA grants exclusive jurisdiction to the home state. There are circumstances in which a state other than the home state may exercise jurisdiction in compliance with the PKPA. However, the instant facts do not present such a case.

CONCLUSION
Because the Arkansas custody determination was made consistently with the PKPA, we find no error in the trial court judgment which grants full faith and credit to the Arkansas custody decree. Accordingly, we affirm the trial court judgment at appellant's costs.
AFFIRMED.
NOTES
[1] We note that the instant jurisdictional issue is one of subject matter jurisdiction. See Renno v. Evans, 580 So.2d 945, 947 (La.App.2d Cir.1991), where this court stated:

It is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Indeed, consent of the parties cannot confer such jurisdiction and a judgment rendered by a court lacking proper legal power is void. LSA-C.C.P. Art. 3.
[2] As noted in McGough and Hughes, Chartered Territory: The Louisiana Experience with the Uniform Child Custody Jurisdiction Act, 44 La.L.Rev. 19 at 64 (1983):

The message is clear: if a state wants to ensure that its custody decrees will be honored by sister states, its claim to jurisdiction must be founded on either the home state or emergency basis; significant connection claims will be honored only if there is no state qualifying as the home state.