[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR FINDING
The plaintiff, Linda Woods, alleges in her affidavit in support of the motion for ex parte custody and in the motion for finding, the following facts: From August 1986 to CT Page 9008 February 1990, the Woods lived in Tallahassee, Florida. In March 1990, Linda Woods and the minor child, Danny Woods, Jr., moved to Connecticut.
Danny Woods, Sr. filed for dissolution of marriage and for custody of Danny Woods, Jr., in the circuit court for Leon County, Florida, docket number 92-1684, on April 22, 1992. On November 9, 1992, Danny Woods, Sr., filed a motion for final judgment after default in the Florida action and, on December 2, 1992, the Florida court entered a divorce decree and ordered that custody of the child be granted to Danny Woods, Sr.
On November 13, 1992, while the Florida action was still pending, the plaintiff Linda Woods commenced an action in the Connecticut Superior Court seeking dissolution of the marriage and sole custody of Danny Woods, Jr. Danny Woods, Sr., was served with a summons and complaint by a sheriff of Leon County, Florida, on November 24, 1992; the complaint was filed on December 1, 1992. On December 7, 1992, the plaintiff filed a motion for ex parte temporary custody and to enjoin enforcement of the Florida order. The Superior Court granted both of plaintiff's motions on December 7, 1992. Pursuant to the court order of December 7, 1992, Danny Woods, Sr. was served by mail on December 8, 1992, with a copy of the temporary custody and show cause order and a copy of the motion for ex parte temporary custody order, with plaintiff's affidavit and amended complaint attached. At the show cause hearing of December 18, 1992, the court, without prejudice, granted sole temporary custody of Danny Woods, Jr. to plaintiff and enjoined enforcement of the Florida court order granting custody of the minor child to the defendant Danny Woods, Sr.
On April 27, 1993, the plaintiff moved the court to make a finding that the circuit court of Leon County, Florida, did not exercise jurisdiction in conformity with the Uniform Child Custody Jurisdiction Act (UCCJA), General Statutes 46b-90, et seq. The plaintiff claims that the Florida court lacked jurisdiction under the Parental Kidnapping and Prevention Act (PKPA),28 U.S.C. § 1738A, and therefore the Connecticut Superior Court is not required to contact the Florida court in order to comply with General Statutes 46b-96.
I. Jurisdiction under the Parental Kidnapping and Prevention Act
The PKPA was passed by Congress in anticipation of cases CT Page 9009 where the states' UCCJA's flexible provisions, especially those involving exercise of jurisdiction, can be interpreted to permit two states to assert jurisdiction concurrently. See Atkins v. Atkins,823 S.W.2d 816, 819 (Ark. 1992). "As the legislative scheme suggests, and as Congress explicitly specified, one of the chief purposes of the PKPA is to `avoid jurisdiction competition and conflict between State courts.'" (Internal quotation marks omitted; citations omitted.) Id., quoting Thompson v. Thompson,484 U.S. 174, 177, 108 S.Ct. 513, 515, 98 L.Ed.2d 512 (1987). Where there is an apparent conflict between the PKPA and the UCCJA, the former federal statute has supremacy over the latter state statute. Kaye v. Kaye, 7 CSCR 511, 512, 513 (April 8, 1992, Karazin, J.); see also Atkins v. Atkins, supra.
The PKPA provides in relevant part:
 A child custody determination made by a court of a State is consistent with the provisions of this section only if — (1) such court has jurisdiction under the law of such State; and (2) one of the following conditions is met: (A) such State (i) is the home state of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding. . .; (B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State. . ., and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training and personal relationships. . . .
28 U.S.C. § 1738A(c). The PKPA defines "home state" as:
 [the] State in which, immediately preceding the time involved, the child lived with his parents, a parent . . . for at least six consecutive months. . . .
28 U.S.C. § 1738A(b)(4).
The plaintiff argues that Florida court did not exercise jurisdiction over the custody proceeding pursuant to the PKPA and therefore Connecticut is the only state which may exercise jurisdiction over the custody of the minor child. The plaintiff asserts that Florida is not the "home state" of the minor child under the CT Page 9010 PKPA and that the child has no significant ties or connections with Florida, and therefore the Florida court's exercise of jurisdiction was improper. In support of this argument, the plaintiff submits her affidavit which alleges that she and the minor child have lived in Connecticut since March of 1990. The plaintiff also submits copies of paycheck stubs from Connecticut employers dating back to April 11, 1990, a copy of a Connecticut workers' compensation claim dated May 8, 1990, and copies of leases for a Connecticut residence demonstrating a continuous presence in this state from June, 1990 to the present.
The plaintiff states that the PKPA places preference on home state status of a child as a basis for jurisdiction and, therefore, based on plaintiff's affidavit, Connecticut is not the "home state" of; the minor child, Florida lacked jurisdiction under the PKPA and therefore the Florida custody order is not entitled to full faith and credit.
The court finds that the plaintiff's documentary evidence demonstrates that Connecticut is the child's "home state" within the meaning of the PKPA as the child has resided in this state for a period of more than six months prior to the filing of the Florida custody proceeding. The court finds that pursuant to the PKPA, the Connecticut court is the court with jurisdiction over the present child custody proceeding. The Florida court order is not entitled to full faith and credit under the PKPA.
II. Jurisdiction under the Uniform Child Custody Act
The UCCJA, General Statutes 46b-90 et seq. has been adopted by all fifty states and the District of Columbia. See Batista c. Batista, 6 CTLR 512, 513 June 18, 1992, Dranginis, I J.), citing 9 U.L.A. 115-16. Florida has adopted the UCCJA. under Fla. Stat. Ann. 61.1302 et seq. The UCCJA. provides for four separate grounds by which a court may assert jurisdiction over a child custody proceeding. See General Statutes 46b-93. The first two grounds contained within 46b-93 have been described as major jurisdictional bases while the latter two grounds have been classified as limited in nature to the factual situation envisioned. Porter v. Stockwell, 3 Conn. L. Rptr. 185, 187 (January 23, 1991, Barnett, J.; Barden v. Blau, 712 P.2d 481, 483 (Col. 1986). General Statutes 46b-93 provides in part:
 (a) The Superior Court shall have jurisdiction to make a child custody determination by initial or modification decree if: (1) CT Page 9011 This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six months before the commencement of the proceeding and the child is absent from this state because of this removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or (2) it is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationship; or (3) the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is other neglected or dependent; or (4)(A) it appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (2) or (3) of this subsection, or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction.
"Home state" as contained within General Statutes 46b-93 means:
 the state in which the child immediately preceding the time involved lived with his parents, a parent, or person acting as parent, for at least six consecutive months, and in the case if a child less than six months old, the stat [state] in which the child lived from birth with any such persons.
General Statutes 46b-90.
The Florida court may have exercised jurisdiction over the child custody proceeding pursuant to either 46b-93 (a)(2) or (a)(3). However, there is no information within the pleadings to determine exactly on what basis the Florida court exercised jurisdiction under the UCCJA. Despite the apparent lack of information regarding the Florida court proceeding, the plaintiff's documentary evidence demonstrates that Connecticut is properly the "home state" of the minor child pursuant to the UCCJA, General Statutes 46b-93(a)(1) and 46b-90. The Connecticut court properly may exercise jurisdiction pursuant to the "major jurisdictional CT Page 9012 basis," Porter v. Stockwell, 187, of General Statutes 46b-93 (a)(1).
III. Communication between courts under the UCCJA and PKPA
The plaintiff's second request, in the motion for finding, asks the court to determine that it is not required to communicate with the Florida court pursuant to General Statutes 46-96. The plaintiff argues that under General Statutes 46b-96(a) and U.S.C. § 1738A(g) the Florida court is obligated to decline jurisdiction where another state properly exercises jurisdiction under the statutes. Additionally, the plaintiff argues that although the UCCJA contains provisions for communication between conflicting courts in order to resolve the jurisdictional issues, those provisions only apply where the Florida Court has acted in substantial conformity with the Act. The plaintiff relies on Perez v. Perez, 212 Conn. 63, 561 A.2d 907 (1989) for the proposition that a state court may justifiably act without communicating with the other state court where it determines that the action in the other state was commenced in bad faith or the other state lacks jurisdiction.
In Perez, the plaintiff, Ms. Perez, sought to modify a custody decree issued by a Superior Court of the Commonwealth of Puerto Rico, which granted custody of the minor child to the paternal grandparents. Id., 64. In February, 1984, the plaintiff commenced dissolution proceedings in Connecticut. Id. Shortly thereafter, Mr. Perez and the minor child fled to Florida and then to Puerto Rico where Mr. Perez initiated custody proceedings in the Superior Court of Puerto Rico. Id., 65. In September, 1984, the Connecticut trial court rendered judgment dissolving the marriage, and, with plaintiff's assent, deferred resolution of the custody of the child to the Puerto Rico courts. Id.
The Puerto Rico court entered a decree awarding custody of the minor child to the paternal grandparents and immediately thereafter the defendants, Mr. Perez and the paternal grandparents, and the minor child returned to Connecticut. Id. In March 1985, the plaintiff filed, in a Connecticut court, a petition for modification of the Puerto Rico order seeking custody of her son. Id. Following negotiations between the parties an agreement was reached granting the plaintiff further visitation. Id., 65, 66. However, in January of 1988, the defendant grandparents left Connecticut with the minor child for Puerto Rico without informing the plaintiff. Id., 66. The Connecticut trial court awarded custody CT Page 9013 of the minor child to the plaintiff mother in a modification proceeding of the Puerto Rico custody order. Id., 64. The trial court conducted hearings on the plaintiff's petition on various days over a two week period and granted custody of the child to the plaintiff at a hearing at which counsel for the defendant grandparents was in attendance. Id., 67-68. On appeal, the court in Perez found that Connecticut was the state with proper jurisdiction over the proceedings. Id., 72. The court also found that the trial court gave "plenary consideration to whether it had subject matter jurisdiction to modify the prior decree." Id., 75. Additionally, reasoning that the defendants did not challenge the trial court's finding that the defendants' flights to Puerto Rico with the minor child and subsequent initiation of the custody action was in bad faith, the court found that the trial court did not act improperly in not communicating with the Puerto Rico court. Id., 75-76.
The PKPA, 1738A(g) states in pertinent part:
 A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.
The PKPA also requires that before a child custody determination is made, "reasonable notice and opportunity to be heard shall be given to the contestants." 29 U.S.C. § 2748(a)(e). The PKPA contains no requirements analogous to those in the UCCJA regarding communication between courts hearing simultaneous custody proceedings.
The UCCJA, General Statutes 46b-91, provides that its general purpose is to "promote and expand the exchange of information . . . between courts of this state and those of other states concerned with the same child." General Statutes 46b-91(a)(8). The UCCJA's purpose is furthered by requirements that parties to a proceeding and the courts themselves communicate information. See, e.g., General Statutes 46b-96(b) (The court shall examine the pleadings and other information supplied by the parties); General Statutes 46b-99 (Each party has a continuing duty to inform the court of any custody proceeding concerning the child in this or any other state); General Statutes 46b-104(b) (A court shall give due consideration to the transcript and record and other documents of all previous proceedings); and General Statutes 46b-112 (Upon taking jurisdiction of a case the court shall CT Page 9014 request of the court of the other state a certified copy of the transcript of any court record).
The language of the UCCJA makes clear the obligation of a court to communicate with the court of another state concerning a common custody matter. The language utilized is not permissive, but rather mandatory. Additionally, in Perez, defendants' attorney in both Puerto Rico and Connecticut apprised the trial court of the Puerto Rico custody proceedings after which the trial court gave "plenary consideration" to whether it had jurisdiction. Perez v. Perez, supra, 75. "It is amply clear that a finding as to whether jurisdiction exists under any provision of General Statutes 46b-93 rests upon a determination of fact by the trial court. The failure of a trial court to implement fully the multi-step process of the UCCJA in determining child custody jurisdiction and whether to exercise jurisdiction `will usually rest upon appeal in a reversal or remand for further proceedings and appropriate findings.'" Grynkewich v. McGinley, 3 Conn. App. 541,546-47, 490 A.2d 53 (1985), quoting 1 McCahey, Kaufman, Kraut Zett, Child Custody and Visitation Law and Practice 4.01[4].
The Perez case is distinguishable from the present custody proceeding. In the present action the plaintiff is asking the court to determine that it is not required to communicate with the Florida court. In Perez, the issue was whether the Connecticut or Puerto Rico had jurisdiction over a custody proceeding. Perez v. Perez, supra, 63. In concluding that the Connecticut trial court properly exercised jurisdiction, the court in Perez also found that the Connecticut trial court did not err in failing to communicate with the Puerto Rico court given the trial court's plenary consideration of the jurisdictional matter and the defendant's bad faith in fleeing to and subsequent initiation of a custody action in Puerto Rico (Emphasis added.) Id., 75-76. At no time in Perez was the trial court motioned to determine that, despite the mandatory language of the UCCJA, it was not required to communicate with the Puerto Rico court. Id., 63-75. Perez does not stand for the proposition that a court may determine that it is not required under the UCCJA to communicate with a foreign court.
Furthermore, although it may be argued that the defendant failed to notify the Florida court of the initiation of a custody proceeding as required under General Statutes 46b-99, (Fla. Stat. Ann. 661.132), the defendants' failure to notify the court does not reach the degree of bad faith exhibited by the defendants in CT Page 9015 Perez, wherein the minor child was twice removed to Puerto Rico by the defendants. Perez v. Perez, supra, 64-56. The plaintiff has not demonstrated that the defendant has acted in bad faith to such a degree that the court need not communicate with the Florida court. Pursuant to the provisions of General Statutes 46b-90 et seq., the Connecticut court is required to communicate with the Florida court. Therefore, the plaintiff's motion for finding that the court not communicate with the Florida court is denied.
Mancini, Judge.