David Wayne SMITH *v.* Frances COTTON

CA 94-648 902 S.W.2d 240

Court of Appeals of Arkansas
Division I
Opinion delivered June 28, 1995

*Gunner Delay*, for appellant.

*Frances Cotton*, for appellee.

JOHN B. ROBBINS, Judge. David Wayne Smith has appealed from an order of the Sebastian County Chancery Court dismissing his petition for relief from a visitation order entered by the Logan County, Oklahoma, District Court. The Sebastian County Chancery Court found that it had no jurisdiction to grant the relief requested. We affirm.

Appellant and Margaret Smith were divorced in Logan County, Oklahoma. In that decree, they were awarded joint custody, and the mother's home was designated as the child's primary residence. In 1990, the child's mother was sent to prison, and the Oklahoma court awarded custody to appellant. In August 1992, appellant took the child to live in Oklahoma on a temporary basis after her mother was released from prison. In December 1992, appellee, Frances Cotton, the child's grandmother, filed a petition for guardianship with the Oklahoma court. The child returned to live with appellant in March 1993, where she has remained. In May 1993, appellant appeared for the guardianship hearing and learned that appellee had amended her petition to request visitation with the child. The Oklahoma court gave appellee visitation rights, over appellant's objection to the jurisdiction of the Oklahoma court.

In July 1993, appellant filed a petition with the Sebastian County Chancery Court for dissolution of the Oklahoma order granting visitation rights to appellee. In his petition, appellant argued that the Oklahoma court did not have jurisdiction of the case.

The Sebastian County Chancery Court found that it did not

have jurisdiction to grant the relief appellant requested. The chancellor stated:

> 5. This court finds that it can not relieve the father of the obligation to honor the maternal grandmother's visitation rights awared [sic] to her in the Oklahoma court's last order because it does not have jurisdiction to do so. The parties were divorced and custody of their child was decided by order of the Logan County District Court of Oklahoma, the custody order was later modified by the same court in the same case, and finally the same court entered the visitation order in the guardianship case from which the plaintiff father asks this court, an Arkansas court, for relief. Although the child has been living with his father in Arkansas for more than six months and the plaintiff alleges Arkansas is now the child's "home state" as defined in A.C.A. 9-13-202(5), Oklahoma remains the residence of both the children's mother, a contestant in the divorce action, and the child's maternal grandmother, a contestant in the guardianship action. Under §(d) of the Parental Kidnaping [sic] Prevention Act, 28 USC §1738A, the jurisdiction of the court of the state which made the original child custody determination continues so long as that state remains the resident [sic] of any contestant, and so long as that state continues to have jurisdiction under its law.

> 6. The plaintiff not only alleges that the Oklahoma court does not have jurisdiction at this time because Arkansas is now the home state of the child, but he claims the Oklahoma court did not have jurisdiction to enter the visitation order in the guardianship case because at the time guardianship proceeding was filed the child had lived in Oklahoma only five months, not the six months required by A.C.A. 9-13-203(a)(1) to give Oklahoma home state status. However, when the guardianship action was filed the mother of the child, a contestant in all of the prior custody proceedings in case no. JFD-84-226 in the same Oklahoma court as the guardianship case, remained an Oklahoma resident. §(d) of the Parental Kidnapping Prevention Act states in pertinent part:

> The jurisdiction of a court of a State which has made

a child custody determination consistently with the provisions of this section continues as long s [sic] the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

It is this court's finding that the word "contestant" in the above quoted statute refers to a contestant in the original custody action, and, clearly the mother was a contestant in the divorce proceeding when custody was awarded jointly to her and the child's father. She was also a contestant when the decree was later modified by the same Oklahoma court and custody was awarded to the father. She was not a contestant in the guardianship case in the same Oklahoma court as entered the prior custody orders, presumably because she was in an Oklahoma prison, but she nevertheless, remained a resident of Oklahoma.

The chancellor then held that the Oklahoma order was made consistently with the provisions of the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A, and must receive full faith and credit. The chancellor found that the Oklahoma court retained jurisdiction of this issue.

Appellant argues that the chancellor erred because he believed the residence of the child's mother was the sole determining factor in deciding whether jurisdiction remained in Oklahoma. Appellant argues that, under the PKPA and the Uniform Child Custody Jurisdiction Act (UCCJA), which has been adopted by both Arkansas and Oklahoma, the chancellor should have considered the mother's residence only after deciding whether Oklahoma otherwise had jurisdiction under Oklahoma law. Appellant states: "Instead, [the chancellor] was preoccupied with the fact that Margaret Smith continued to reside in Oklahoma and he based his decision on that single point." From our review of the record, however, we are convinced that the chancellor did consider whether Oklahoma had jurisdiction under its law as set forth in the UCCJA.

Appellant correctly states that, because the PKPA is a federal statute, it preempts the UCCJA, and this Court's analysis should begin with the provisions of the PKPA. The PKPA provides in pertinent part:

(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if —

(1) such court has jurisdiction under the law of such State; and

(2) one of the following conditions is met:

(A) such State (i) is the home State of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State;

(B)(i) it appears that no other State would have jurisdiction under subparagraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships;

(C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse;

(D)(i) it appears that no other State would have jurisdiction under subparagraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or

(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.

(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

. . . .

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if —

(1) it has jurisdiction to make such child custody determination; and

(2) The court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

"Home state" is defined in § 1738A(b)(4) as "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months. . . ."

█ Section (d) of the PKPA sets forth two requirements that must be met in order for a state's jurisdiction to continue after it has made a child custody determination: (1) the state must have jurisdiction according to its own laws, which in this case, include the provisions of the UCCJA; and (2) one of the contestants must continue to reside in the state. Appellant argues that, here, the chancellor only focused on whether one of the contestants continued to reside in Oklahoma and has overlooked the requirement that a determination should be made as to whether Oklahoma had jurisdiction under the UCCJA. We do not agree. The record clearly shows that the chancellor considered whether Oklahoma had jurisdiction under the UCCJA and that, under its provisions, the Oklahoma court still had jurisdiction to enter the visitation order.

The applicable provisions of the UCCJA are set forth in

Ark. Code Ann. §§ 9-13-201 through 228 (Repl. 1993). In § 9-13-203, it is stated:

(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or

(3) The child is physically present in this state and (i) the child has been abandoned or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or

(4)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (a)(1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that this court assume jurisdiction.

(b) Except under subdivisions (a)(3) and (4), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.

 Appellant argues that, when appellee filed the petition in Oklahoma in December 1992, the child had lived in Oklahoma only four months and, therefore, Arkansas continued to be her home state under the UCCJA. The definition of "home state" used in the PKPA is identical to that set forth in the UCCJA. *See* *Atkins* v. *Atkins,* 308 Ark. 1, 2, 823 S.W.2d 816 (1992); *Slusher* v. *Slusher,* 31 Ark. App. 28, 32, 786 S.W.2d 843 (1990); Ark. Code Ann. § 9-13-202(5) (Repl. 1993).

██ Appellant has focused his argument on the "home state" provision of the UCCJA set forth in § 9-13-203(a)(1). That statute, however, also provides in § 9-13-203(a)(2) that a court is competent to modify a child custody determination if:

> It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships. . . .

Therefore, from the record before us, we cannot say that the Oklahoma court lacked jurisdiction to modify the custody order or that the Arkansas court erred in according the Oklahoma order full faith and credit.

Affirmed.

COOPER and MAYFIELD, JJ., agree.